UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH DONOVAN,  )<br>)<br>Petitioner,  )<br>)<br>v.  )<br>)<br>MASSACHUSETTS PAROLE BOARD,  )<br>)<br>Respondent.  )<br>) | Civil Action No.<br>22-11459-FDS |

MEMORANDUM AND ORDER ON
MOTION FOR A CERTIFICATE OF APPEALABILITY

**SAYLOR, C.J.**

Joseph Donovan filed an application with the United States Court of Appeals for the First Circuit seeking permission to file a second or successive habeas corpus petition pursuant to 28 U.S.C. § 2244(b)(2)-(3). The Court of Appeals transferred the case to this Court to determine whether his claims require pre-authorization, which this Court determined was correct. The Court now considers whether petitioner should be granted a certificate of appealability ("COA").

To appeal the final order in a proceeding instituted under 28 U.S.C. § 2254, the petitioner must first obtain a COA from a circuit justice or a district court. *See* 28 U.S.C. § 2253(c). A COA will issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This standard is satisfied by "demonstrating that jurists of reason could disagree with the district court's resolution of [petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

This Court found that there was no intervening judgment between petitioner's 1997 habeas petition and the one he sought to file in 2020, and his claims therefore require pre-authorization from the Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3).

Petitioner contends that many courts have determined that an intervening state-court action creates a new judgment. He further contends that *Commonwealth v. Watt*, 484 Mass. 742 (2020), requires a different result. Finally, he contends that his parole confers a liberty interest that is protected by the Due Process Clause of the United States Constitution, and that newly recognized liberty interests under the United States and Massachusetts Constitutions also require a different result.

Although the Court disagrees with petitioner's arguments and dismissed his petition, it nonetheless concludes that reasonable jurists could debate whether the petition should have been resolved in a different manner. *See Miller-El*, 537 U.S. at 336. As a result, the Court finds that "the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327.

Accordingly, a certificate of appealability is GRANTED.

**So Ordered.**

Dated: December 15, 2023

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court